IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONALD GOODWIN,                         )
o.b.o. PATRICK GOODWIN                  )
                                        )
            Plaintiff,                  )
                                        )      CIVIL ACTION
v.                                      )
                                        )      No. 17-1291-JWL
NANCY A. BERRYHILL,                     )
Acting Commissioner of Social Security, )
                                        )
            Defendant.                  )
_____ )

MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance Benefits (DIB), and Supplemental Security Income (SSI) benefits to his son, Patrick Goodwin, pursuant to sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Patrick Goodwin died while his request for review of the hearing decision was pending before the Appeals Council. Finding no error in the Administrative Law Judge's (ALJ) evaluation of the decedent's allegations of symptoms, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

I.     Background

1

Plaintiff argues that the ALJ did not provide good reasons to discount the decedent's allegations of symptoms and consequently erroneously accorded less weight to the other source medical opinion of the Advanced Practice Registered Nurse who treated him, Ms. McDonald, APRN. He seeks payment of benefits or, alternatively, remand for further administrative proceedings.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the

[Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, considering the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors

of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court has considered Plaintiff's argument and finds no error in the ALJ's decision.

**II.     Discussion**

Plaintiff argues the ALJ did not provide good reasons for discounting the decedent's allegations of symptoms resulting from his impairments. (Pl. Br. 6). He argues the ALJ mischaracterized the decedent's activities of daily living and erroneously suggested there was no objective medical evidence supporting the need for a cane. Id. at 7-8. Plaintiff argues that Ms. McDonald's opinion is consistent with the decedent's allegations, and if the ALJ had properly accepted his allegations the ALJ would have accorded greater weight to Ms. McDonald's opinion and "would have assessed an RFC that would have accounted for [Mr.] Goodwin's inability to work a full eight-hour workday." Id. at 10.

The Commissioner responds that the ALJ explained his bases for discounting the claimant's allegations, and the record evidence supports his evaluation. (Comm'r Br. 4-

7). She argues that the record evidence also supports the ALJ's evaluation of Ms. McDonald's opinion. Id. 7-8.

### A. Standard for Evaluating a Claimant's Allegations of Symptoms

The court's review of an ALJ's credibility determination is deferential. Such determinations are generally treated as binding on review. Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990); Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir. 1983). "Credibility determinations are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence. Wilson, 602 F.3d at 1144; accord Hackett, 395 F.3d at 1173. Therefore, in reviewing the ALJ's credibility determinations, the court will usually defer to the ALJ on matters involving witness credibility. Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994); but see Thompson v. Sullivan, 987 F.2d 1482, 1490 (10th Cir. 1993) ("deference is not an absolute rule"). "However, '[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" Wilson, 602 F.3d at 1144 (quoting Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988)); Hackett, 395 F.3d at 1173 (same).

### B. The ALJ's Evaluation of the Claimant's Symptoms

The ALJ found Claimant's allegations of symptoms "are not entirely credible for the reasons explained in this decision." (R. 58). He found that Claimant had a positive response to treatment for his left hip impairment, his pain, and his left knee. Id. 59. He found "the clinical evidence does not support the claimant's subjective complaints of an 'extreme' limitation in the ability to ambulate effectively." Id. He also found, as Plaintiff acknowledges, that Claimant's activities of daily living "are not limited to the

5

extent one would expect, given the complaints of disabling symptoms and limitations;" and "that there is no objective medical evidence to support the finding that [use of a cane] is actually needed." (R. 60).

### C. Analysis

The record evidence supports the ALJ's findings. As the ALJ noted, Claimant reported in July 2013 that his pain increases when he stands all day, and decreases when he stretches (R. 399) (Ex. 5F/18, cited in R. 59); in September, 2014 "he reported that he had not taken his pain medication for 3-4 weeks, because he never picked it up from the pharmacy" (R. 59), (R. 413) (Ultram, "not been taking since beginning of August – hasn't picked up from pharmacy"); (R. 415) ("Has not taken Tramadol for 3-4 weeks because he never picked it up from the pharmacy.") suggesting his pain was tolerable; and, Claimant had been wrapping his left knee and it was helping his hip some too. (R. 415). As the ALJ cited, the records do not show Claimant's ambulation was extremely limited. Several times he was reported ambulating without a cane, he was observed pacing every three minutes in the waiting room at one point (R. 429), and he usually declined the offer of a chaperone to assist in ambulating.

> The ALJ discussed Claimant's activities of daily living:
> 
> The undersigned notes that the claimant has described activities of daily living, which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. The record notes that the claimant is independent with personal care and provides care for his pets. The claimant is able to prepare meals, perform household chores, drive a car, shops for food and necessities, as well as pay his bills. The claimant works part-time at a convenience store and spends time with others. In contradiction of this documentation and somewhat consistent with the statement of Nurse McDonald, above, the claimant testified that he

6

> has to lie down most of the time. While he may so situate himself when not at work, after a review of the record, the undersigned notes that nowhere in the record has any provider recommended the claimant do this. Thereby, the undersigned finds that this is volitional with the question presented being whether the behavior reflects excess rest needs attributable to credible symptoms.

(R. 60). While Plaintiff is correct that "minimal or sporadic performance of activities of daily living is generally insufficient to support an adverse credibility finding," Thompson, 987 F.2d at 1490, that is but one of the reasons given by the ALJ to discount Claimant's allegations. Moreover, one of the daily activities relied on by the ALJ is Claimant's five hours of work each day, and he explains that despite Claimant's allegation of a need to lie down most of the time, that can be understood as a choice rather than a necessity.

Finally, the ALJ explained that the medical evidence does not support that use of a cane is needed. He noted that Claimant specifically "testified that it was not prescribed by his provider," and that physical examination revealed "normal motor strength and tone of the lower extremities." (R. 60) (citing Ex. 8F/3, 7, R. 407, 411). Plaintiff argues that there is other record evidence which "constitute[s] objective medical evidence of problems with gait that could reasonably support the use of an assistance device." (Pl. Br. 8) (emphasis added). However, the question on judicial review is not whether the record contains evidence which reasonably could support the claimant's view of disability, but whether the record contains substantial evidence (more than a scintilla, but less than a preponderance)--such relevant evidence as a reasonable mind might accept as adequate to support the conclusion reached by the ALJ. "The possibility of drawing two

7

inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Lax, 489 F.3d at 1084 (citations, quotations, and bracket omitted); see also, Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966).

Giving the ALJ's credibility analysis due deference, Plaintiff has shown no error.

Consequently, Plaintiff's argument that if the ALJ had accorded proper weight to Claimant's allegations, he would have accorded greater weight to Ms. McDonald's opinions must also fail because of the failed predicate upon which it is based.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated October 16, 2018, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**